**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of New Jersey
                          (State)

Case number (*If known*): 25-_____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Crown Capital Holdings LLC |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 8 3 _ 3 7 2 1 4 1 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 100    Franklin Square Drive | c/o    Lynd Living |
| Number    Street | Number    Street |
| Suite 401 | 4499 Pond Hill Road |
| | P.O. Box |
| Somerset    NJ    08873 | San Antonio    TX    78231 |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number    Street |
| | |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)    _____

| Debtor | Crown Capital Holdings LLC | Case number (if known) 25- |
|---|---|---|
| | Name | |

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding  LLP)

❑ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

❑ Chapter 7

❑ Chapter 9

■ Chapter 11. *Check **all** that apply:*

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ A plan is being filed with this petition.

❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

Debtor   Crown Capital Holdings LLC
_____
Name

Case number (if known) 25-_____

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No
☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY
                 District _____  When _____  Case number _____
                                          MM / DD / YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☑ Yes.  Debtor  See Schedule 1 _____  Relationship  Affiliate _____
                 District  New Jersey _____  When  05 / 19 / 2025
                                                              MM / DD / YYYY
                 Case number, if known  _____

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number          Street
                          _____
                          _____
                          City                          State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

---

**Statistical and administrative information**

---

Debtor    Crown Capital Holdings LLC
Name

Case number (if known) 25-

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* <br> ■ Funds will be available for distribution to unsecured creditors. <br> ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ■ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ■ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ■ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05 / 19 / 2025
MM / DD / YYYY

✖ Elizabeth A. LaPuma
Signature of authorized representative of debtor

Elizabeth A. LaPuma
Printed name

Title  Independent Fiduciary

| Debtor | Crown Capital Holdings LLC | Case number *(if known)* 25- |
|--------|---------------------------|------------------------------|
|        | Name                      |                              |

**18. Signature of attorney**

✖ Andrew Zatz
Signature of attorney for debtor

Date 05 / 19 / 2025
MM / DD / YYYY

Andrew Zatz
Printed name

White & Case LLP
Firm name

1221        Avenue of the Americas
Number    Street

New York
City

NY        10020
State    ZIP Code

(212) 819-8200
Contact phone

azatz@whitecase.com
Email address

003672012
Bar number

NJ
State

**Schedule 1**

**Affiliated Entities**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of CBRM Realty Inc.

| | Debtor |
|---|---|
| 1. | CBRM Realty Inc. |
| 2. | Crown Capital Holdings LLC |
| 3. | Kelly Hamilton Apts LLC |
| 4. | Kelly Hamilton Apts MM LLC |
| 5. | RH Chenault Creek LLC |
| 6. | RH Copper Creek LLC |
| 7. | RH Lakewind East LLC |
| 8. | RH Windrun LLC |
| 9. | RH New Orleans Holdings LLC |
| 10. | RH New Orleans Holdings MM LLC |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR DISTRICT OF NEW JERSEY

|                                          |   |                                    |
|------------------------------------------|---|------------------------------------|
| In re:                                   | ) | Chapter 11                         |
|                                          | ) |                                    |
| Crown Capital Holdings LLC,              | ) | Case No. 25-_____ (____)         |
|                                          | ) |                                    |
| Debtor.                                  | ) | (Joint Administration Requested)   |
|                                          | ) |                                    |

## LIST OF MEMBERS[1]

| Member | Address of Member | Percentage of Membership Interest Held |
|--------|-------------------|----------------------------------------|
| CBRM Realty Inc. | 100 Franklin Square Drive Suite 401 Somerset, NJ 08873 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All membership positions listed indicate the record holder of such membership interest as of the date commencement of the chapter 11 case.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Crown Capital Holdings LLC, | ) | Case No. 25-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following debtor identifies the following entities, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Member | Approximate Percentage of Membership Interest Held |
|---|---|
| CBRM Realty Inc. | 100% |

**Fill in this information to identify the case:**

Debtor name    CBRM Realty Inc.

United States Bankruptcy Court for the: _____ District of _____ New Jersey _____
                                                (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Customers Bank | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $41,500,000 |
| 2 | Federated Insurance Companies | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $32,000,000 |
| 3 | Cincinnati Financial | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $29,000,000 |
| 4 | Spano Investor LLC 787 7th Avenue, 13th Floor New York, New York 10019 | Attn: Adam C. Rogoff Tel: (212) 715-9285 ARogoff@kramerlevin.com | Judgment Creditor | CUD | | | $22,360,805.84 |
| 5 | Sagicor Life Insurance | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $16,000,000 |
| 6 | AQS LLC | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $12,000,000 |
| 7 | Adams Bank & Trust | Attn: Bruce Morgan bruce@galacticlitigation.com | Unsecured Notes | | | | $12,000,000 |
| 8 | CKD Funding LLC | Attn: William A. Goldman Tel: (212) 745-9546 william.goldman@afslaw.com | Mortgage | CUD | | | $10,927,319.62 |

| Debtor | CBRM Realty Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Bar Harbor Bank & Trust | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $9,000,000 |
| 10 | CFBank | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $7,000,000 |
| 11 | Thompson Investment Management | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $7,000,000 |
| 12 | NexBank | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $7,000,000 |
| 13 | LL Funds | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $4,750,000 |
| 14 | Cleveland International Fund | Attn: Adam Blackman Tel: (216) 245-0609 Blackman@Clevelandinternationalfund.com | Mortgage | CUD | | | $4,500,000 |
| 15 | First Dakota Financial Corporation | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $3,000,000 |
| 16 | NFC Investments | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $3,000,000 |
| 17 | Calamos Advisors LLC | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $3,000,000 |
| 18 | Citizens State Bank (Ontonagon) | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $2,500,000 |
| 19 | American Financial Group (AMM) | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $2,500,000 |
| 20 | Gulf Coast Bank & Trust Company | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $2,000,000 |

| Debtor | CBRM Realty Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | NexAnnuity | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $2,000,000 |
| 22 | Strada Education Network | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $1,500,000 |
| 23 | Cattaraugus County Bank | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $1,500,000 |
| 24 | AmeriServ Financial, Inc. | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $1,000,000 |
| 25 | Jacques de Saint Phalle | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $1,000,000 |
| 26 | John Beckelman | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $1,000,000 |
| 27 | LAGSP LLC 4507 Pond Hill Road San Antonio, Texas 78231 | Attn: Justin Utz Tel: (210) 733-6133 JUtz@lynd.com | Property Management and Asset Management Services | | | | $821,000 |
| 28 | Lynd Management Group 4507 Pond Hill Road San Antonio, Texas 78231 | Attn: Justin Utz Tel: (210) 733-6133 JUtz@lynd.com | Property Management and Asset Management Services | | | | $544,734.87 |
| 29 | Verimore Bank/First Missouri Bank | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $500,000 |
| 30 | VR Asset Management | Attn: James Millar Tel: (212) 248-3264 james.millar@faegredrinker.com | Unsecured Notes | | | | $500,000 |

## RESOLUTIONS OF THE INDEPENDENT FIDUCIARY

### May 19, 2025

After due deliberation, the undersigned, being the independent fiduciary and/or authorized signatory of CBRM Realty Inc. ("**CBRM**"), Crown Capital Holdings LLC, Kelly Hamilton Apts LLC, Kelly Hamilton Apts MM LLC, RH Chenault Creek LLC, RH Copper Creek LLC, RH Lakewind East LLC, RH Windrun LLC, RH New Orleans Holdings LLC, and RH New Orleans Holdings MM LLC (collectively, the "**Companies**"), does hereby consent to, adopt, and approve the following resolutions pursuant to the certificate of incorporation and operating agreement of each Company (in each case, as amended or amended and restated to date) and the laws of the state of New York and Delaware:

<u>**Chapter 11 Filing**</u>

**WHEREAS**, pursuant to the written consents of the sole shareholder of CBRM and Crown Capital Holdings LLC, each dated as of September 26, 2024, and the that certain omnibus written consent dated December 9, 2024, Elizabeth A. LaPuma was appointed as the sole director, manager, and member, as applicable, of each Company (the "**Independent Fiduciary**");

**WHEREAS**, in connection therewith, the sole shareholder of CBRM appointed the Independent Fiduciary as proxy and attorney-in-fact to vote, consent, and exercise any similar rights with respect to any and all shares of common stock of CBRM upon all matters to which the shareholder is entitled to vote, consent, or exercise similar rights;

**WHEREAS**, the Independent Fiduciary has had the opportunity to consult with each of the Companies' financial and legal advisors and fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, the Debtors have secured a senior secured, superpriority debtor-in-possession credit facility (the "**DIP Facility**") to fund the Companies' operations in the ordinary course, fund the administration of the Chapter 11 Cases, and pay the claims of certain vendors and other stakeholders in the ordinary course of business during the Chapter 11 Cases;

**WHEREAS**, based on a review of all available information regarding the terms of the DIP Facility, the Independent Fiduciary believes that the Companies will obtain benefits from the DIP Facility and that it is advisable and in the best interests of the Companies to enter into the DIP Facility and to execute loan documents in connection therewith and to perform their obligations thereunder;

**WHEREAS**, based on a review of all available information regarding each of the Companies, the Independent Fiduciary deems it advisable and in the best interests of each of the Companies, their creditors, and other stakeholders to take all other actions specified in the following resolutions; and

**WHEREAS**, the Independent Fiduciary believes it is in the best interests of each of the Companies to commence a case under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**NOW, THEREFORE, BE IT**,

**RESOLVED**, that in the business judgment of the Independent Fiduciary, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest to file, or cause to be filed, a voluntary petition for relief (the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") and

any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and to take any and all actions, that the Independent Fiduciary deems necessary or appropriate.

**RESOLVED**, that the Independent Fiduciary (the "**Authorized Signatory**") is hereby authorized, empowered, and directed, with the assistance of the Companies' advisors, to execute and file on behalf of each Company all petitions, schedules, lists and other motions, applications, pleadings, papers, or documents, and to take any and all actions that the Independent Fiduciary deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business and in connection with the Chapter 11 Cases, with a view to the successful prosecution of the case.

### Retention of Professionals

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ the law firm of White & Case LLP ("**W&C**") as general bankruptcy counsel to represent  and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of W&C in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ the law firm of Ken Rosen Advisors PC ("**KRA**") as co-bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KRA in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ the firm of IslandDundon LLC ("**IslandDundon**") to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Signatory is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of IslandDundon in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized and directed to employ a notice, claims, solicitation, and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, the Authorized Signatory is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of such agent in accordance with applicable law.

**RESOLVED**, that the Authorized Signatory is hereby authorized to retain any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute

appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**DIP Facility**

      **RESOLVED**, that in the business judgment of the Independent Fiduciary, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest for the Companies to enter into the DIP Facility and to finalize, execute, and deliver a credit agreement.

      **RESOLVED**, that the Authorized Signatory be and hereby is empowered, authorized and directed, to cause each Company to negotiate, execute and deliver a credit agreement and other loan documents, in such form and with such changes or amendments (substantial or otherwise) thereto as the Authorized Signatory may deem necessary, desirable or appropriate.

      **RESOLVED**, that that the Authorized Signatory be and hereby is empowered, authorized and directed to take all such further actions which shall be necessary, proper or advisable to cause the Companies to perform their obligations in connection with the DIP Facility and to carry out fully the intent of the foregoing resolutions.

**General**

      **RESOLVED**, that the Authorized Signatory is hereby authorized and empowered, on behalf of and in the name of each Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions.

      **RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatory, the Authorized Signatory (and its designees and delegates) is hereby authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Signatory's judgment shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

      **RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Independent Fiduciary.

      **RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatory to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

      **RESOLVED**, that the Authorized Signatory (and its designees and delegates) is hereby authorized and empowered to take all actions or to not take any action in the name of each Company with respect to

the transactions contemplated by these resolutions hereunder, as the Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**CBRM REALTY INC.**

By: _____

Name:  Elizabeth LaPuma

Title:   Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**CBRM REALTY INC., THE SOLE MEMBER OF:**

**CROWN CAPITAL HOLDINGS LLC**

By: _____

Name:  Elizabeth LaPuma

Title:   Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**CROWN CAPITAL HOLDINGS LLC, THE SOLE MEMBER OF:**

**KELLY HAMILTON APTS MM LLC**

By:    _____

Name:  Elizabeth LaPuma

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**RH NEW ORLEANS HOLDINGS MM LLC:**

By: _____

Name:  Elizabeth LaPuma

Title:   Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**RH NEW ORLEANS HOLDINGS MM LLC, THE SOLE MEMBER OF:**

**RH NEW ORLEANS HOLDINGS LLC**

By: _____

Name:  Elizabeth LaPuma

Title:   Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**RH NEW ORLEANS HOLDINGS LLC, THE SOLE MEMBER OF:**

**RH CHENAULT CREEK LLC**

By: _____

Name:  Elizabeth LaPuma

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**RH NEW ORLEANS HOLDINGS LLC, THE SOLE MEMBER OF:**

**RH COPPER CREEK LLC**

By: _____

Name:  Elizabeth LaPuma

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**RH NEW ORLEANS HOLDINGS LLC, THE SOLE MEMBER OF:**

**RH LAKEWIND EAST LLC**

By: _____

Name:  Elizabeth LaPuma

Title:   Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**RH NEW ORLEANS HOLDINGS LLC, THE SOLE MEMBER OF:**

**RH WINDRUN LLC**

By: _____

Name:  Elizabeth LaPuma

Title:   Authorized Signatory

IN WITNESS WHEREOF, the undersigned has executed this omnibus written consent as of the date first above written.

**KELLY HAMILTON APTS MM LLC, THE MANAGING MEMBER OF:**

**KELLY HAMILTON APTS LLC**

By: _____

Name:  Elizabeth LaPuma

Title:   Authorized Signatory

**Fill in this information to identify the case and this filing:**

Debtor Name __Crown Capital Holdings LLC__

United States Bankruptcy Court for the: _____ District of __New Jersey__
(State)

Case number (*If known*): __25-_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■ Other document that requires a declaration __Corporate Ownership Statement and List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05 / 19 / 2025__       ✖ __Elizabeth A. LaPuma__
MM / DD / YYYY          Signature of individual signing on behalf of debtor

__Elizabeth A. LaPuma__
Printed name

__Independent Fiduciary__
Position or relationship to debtor