UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

In re:

CROWN CAPITAL HOLDINGS LLC, *et al.*,

Debtors.[1]

Chapter 11

Case No. 25–15351 (MBK)

(Jointly Administered)

**Re: Docket Nos. 69, 126, 139**

**Order Filed on October 30, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

## ORDER (I) DISMISSING THE CHAPTER 11 CASES OF THE MERCHANTS DEBTORS AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through nine (9), is **ORDERED**.

**DATED: October 30, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The lead debtor in these chapter 11 cases, along with the last four digits of the debtor's federal tax identification number, is Crown Capital Holdings LLC (1411). A complete list of each of the debtors in these chapter 11 cases and their service address for purposes of these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/CrownCapital.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

-and-

Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: barrett.lingle@whitecase.com

*Proposed Counsel to the Debtors and Debtors-Debtors-in-Possession*

**COLE SCHOTZ P.C.**
Warren A. Usatine, Esq.
Ryan T. Jareck, Esq.
Justin R. Alberto, Esq. (admitted *pro hac vice*)
25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:  wusatine@coleschotz.com
          rjareck@coleschotz.com
          jalberto@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors-in-Possession*

(Page 3)

| | |
|---|---|
| Debtors: | CROWN CAPITAL HOLDINGS LLC, *et al.* |
| Case No. | 25-15351 (MBK) |
| Caption of Order: | ORDER (I) DISMISSING THE CHAPTER 11 CASES OF THE MERCHANTS DEBTORS AND (II) GRANTING RELATED RELIEF |

Upon the motion (the "**Motion**") and supplement (the "**Supplement**")[2] of the above-captioned debtors and debtors-in-possession, pursuant to sections 105(a), 305, 349, 363, and 1112 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 1017, 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 6004-1 and 9013-2 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**"), seeking entry of an order (this "**Order**"), (A) dismissing the chapter 11 cases of Evergreen Apts LLC (Case No. 25-20504), Evergreen Apts Partner LLC (Case No. 25-20505), Evergreen Regency Townhomes, LTD. (Case No. 25-20506), Gallatin Apts LLC (Case No. 25-20509), Gallatin Apts MM LLC (Case No. 25-20510), Mon View Apts LLC (Case No. 25-20515), Mon View Apts MM LLC (Case No. 25-20516), Palisades Apts LLC (Case No. 25-20517), Palisades Apts MM LLC (Case No. 25-20518), Slidell Apartments LLC (Case No. 25-20522), Valley Royal Court Apts LLC (Case No. 25-20526), Valley Royal Court Apts MM LLC (Case No. 25-20527), Woodside Village Owner LLC (Case No. 25-20529), and Woodside Village Investor LLC (Case No. 25-20528) (collectively, the "**Merchants Debtors**" and such chapter 11 cases, the "**Merchants Cases**") and (B) granting related relief, including, without limitation, authorizing and directing the Merchants Debtors to (i) transfer to the Creditor Recovery Trust (as defined in the CBRM Plan) copies of any and all of the books and records maintained by the Merchants Debtors, including, but not limited to, (a) accounting documents, (b) bank documents, (c) corporate governance documents, (d) documents related to contracts, leases and other contractual arrangements of the Debtors, (e) insurance documents, (f) human resources and other related employment documents, (g) documents related to these chapter 11

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Supplement, as applicable.

(Page 4)

| | |
|---|---|
| Debtors: | CROWN CAPITAL HOLDINGS LLC, *et al.* |
| Case No. | 25-15351 (MBK) |
| Caption of Order: | ORDER (I) DISMISSING THE CHAPTER 11 CASES OF THE MERCHANTS DEBTORS AND (II) GRANTING RELATED RELIEF |

cases, and (h) any and all electronic documents maintained by the Debtors (collectively, the "**Books and Records**"), and (ii) assign all Claims and Causes of Action, including Avoidance Actions (as such terms are defined in the CBRM Plan), held by the Merchants Debtors or their estates to the Creditor Recovery Trust; all as more fully set forth in the Motion; and a hearing with respect to the Motion and Supplement having been held on October 30, 2025 (the "**Hearing**"); and notice of the Hearing having been given in accordance with Bankruptcy Rules 6004 and 9014 and Local Rules 6004-1 and 9013-1 and 2 and it appearing that no other or further notice need be provided; and the Court having considered the evidence submitted or adduced, and the statements of counsel made at the Hearing, if any; and the Court having considered the relief requested in the Motion and Supplement; and the relief requested being reasonable and appropriate; and that the legal and factual bases set forth in the Motion and Supplement and at the Hearing establish just cause for the relief granted herein; and all objections, if any, to the relief requested in the Motion and the Supplement having been withdrawn, resolved, or overruled by the Court; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion and Supplement are GRANTED as set forth herein.

2. The Merchants Motion is GRANTED as modified by this Order.

3. Pursuant to sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017(a), the Merchants Cases are dismissed for cause, effective as of October 30, 2025 (the "**Dismissal Date**"); *provided* that the Court shall (a) retain jurisdiction, to address, pursuant to the provisions set forth in paragraphs 3-5 and 9 below, (i) the payment of U.S. Trustee Fees, (ii) requests for payment of any and all administrative expense claims

(Page 5)
Debtors:              CROWN CAPITAL HOLDINGS LLC, *et al.*
Case No.              25-15351 (MBK)
Caption of Order:     ORDER (I) DISMISSING THE CHAPTER 11 CASES OF THE MERCHANTS DEBTORS AND (II) GRANTING RELATED RELIEF

incurred during the Merchants Cases and not paid as of the Dismissal Date, and (iii) with

respect to all matters, claims, rights or disputes arising from or related to the implementation

of this Order or any prior order of this Court entered in the Merchants Cases and (b) to the

extent jurisdiction exists under applicable law, retain jurisdiction to address any claim or cause

of action asserted by a party in interest against the Merchants Debtors, the Independent

Fiduciary, or any other party in interest regarding the Merchants Cases from the Petition Date

through the Dismissal Date.

4.      Prior to the Dismissal Date,

(a)     The Merchants Debtors shall have filed any outstanding monthly operating reports through the date of entry of this Order and paid all quarterly fees due and owing in the Chapter 11 Case to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) ("**U.S. Trustee Fees**") and the proportionate share of the costs incurred by the Merchants Debtors in their retention and use of Omni Agent Solutions, Inc. as claims and noticing agent (the "**Omni Fees**"); *provided* that the Merchants Debtors shall not be required to pay more than $10,000 in the aggregate for U.S. Trustee Fees and Omni Fees; *provided further* that notwithstanding anything to the contrary in this Order, the obligation of the Debtors to pay U.S. Trustee Fees shall not be limited by this Order; and

(b)     The Merchants Debtors shall have paid all known administrative expenses incurred during the Merchants Cases in full and the Merchants Debtors shall have filed a certification with the Court that provides the name of each administrative claimant, the amount paid and the date of payment; *provided, however,* that the only known administrative expense claims as of the Dismissal Date shall be deemed limited to (i) U.S. Trustee Fees, and (ii) any claims for payment of fees and expenses of Hilco Global, Ian Lagowitz of Trigild, Inc., and Trigild IVL, LLC (the "**Merchants Receivers**").

5.      If the Merchants Debtors fail to meet the requirements set forth in the foregoing

paragraph 3, a hearing thereon shall be held on [●], 2025 at [●] [a/p].m. (prevailing Eastern

Time).

(Page 6)

| | |
|---|---|
| Debtors: | CROWN CAPITAL HOLDINGS LLC, *et al.* |
| Case No. | 25-15351 (MBK) |
| Caption of Order: | ORDER (I) DISMISSING THE CHAPTER 11 CASES OF THE MERCHANTS DEBTORS AND (II) GRANTING RELATED RELIEF |

6.       Subject to paragraph 4 of this Order, the Merchants Debtors shall pay all fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) through the date of dismissal of the Merchants Cases within fifteen (15) days after the Dismissal Date.

7.       The Merchants Debtors are authorized and directed to provide the Creditor Recovery Trust with access to copies of the Books and Records maintained by the Merchants Debtors.

8.       The Merchants Debtors are authorized and directed to assign all Claims and Causes of Action, including Avoidance Actions, held by the Merchants Debtors or their estates to the Creditor Recovery Trust.  Unless otherwise transferred to the Creditor Recovery Trust, property of the estates of the Merchants Debtors shall revest in the respective entities as they existed prior to the Petition Date pursuant to section 349 of the Bankruptcy Code. Notwithstanding section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Merchants Cases shall remain in full force and effect and shall survive the dismissal of the Merchants Cases.

9.       The Merchants Receivers are hereby vested with the full authority to manage the relevant real properties owned by the Merchants Debtors as such authority existed prior to the commencement of the Merchants Cases *nunc pro tunc*.  Immediately upon entry of this Order, the Merchants Receivers are authorized to use cash collateral to fund expenses, execute all instruments, and take other actions as may be authorized by Merchants Receivers' respective orders of appointment.

10.       For the avoidance of doubt, no assignment or transfer of any Claims and Causes of Action by the Merchants Debtors to the Creditor Recovery Trust under the CBRM Plan shall

(Page 7)
Debtors:             CROWN CAPITAL HOLDINGS LLC, *et al.*
Case No.             25-15351 (MBK)
Caption of Order:    ORDER (I) DISMISSING THE CHAPTER 11 CASES OF THE
                     MERCHANTS DEBTORS AND (II) GRANTING RELATED RELIEF

subject the Merchants Debtors to any releases, exculpation, injunction, or similar provisions contained in Article VIII of the CBRM Plan.

11.     Each of (i) Computershare Trust Company, National Association, as trustee for the benefit Registered Holders of Merchants Multifamily Trust 2022-RSS1, Multifamily Mortgage  Pass-Through Through Certificates Series 2022-RSS1, (ii) Merchants Bank of Indiana and (iii) Merchants Capital Corp. (collectively, "**Merchants**") hereby irrevocably waives any and all claims or causes of action, whether known or unknown, foreseen or unforeseen, asserted or unasserted, direct or derivative, in law or in equity, against the Independent Fiduciary and the Debtors' professionals, including White & Case LLP as counsel, Cole Schotz P.C. as New Jersey counsel and co-counsel, IslandDundon LLC as financial advisor, and Omni Agent Solutions, Inc. as claims and noticing agent, in connection with the filing and the prosecution of the Merchants Cases.  The foregoing waiver does not include Merchants' claims against the Merchants Debtors (such as those under the loan documents, notes, security instruments, and related agreements and instruments) or the claims allowed pursuant to this Order.

12.     Capitalized terms used but not defined in this paragraph shall have the meanings ascribed to such terms in the *Further Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of Its Debtor Affiliates*, In re CBRM Realty Inc., Case No. 25-15343 (Bankr. D.N.J.) [Docket No. 622] (the "**Crown Capital Plan**").  Upon entry of this Order, Merchants shall be deemed have an Allowed Claim against Crown Capital Holdings LLC in the amount of $42,000,000 (the "**Merchants Claim**").  With respect to the Merchants Claim, (1) $20,000,000 shall rank equal in priority to Holders of Class 6 Crown Capital Unsecured Claims (the "**Merchants Priority Claim**") and (2) $22,000,000 shall rank as subordinate in

priority to Holders of Class 6 Crown Capital Unsecured Claims (the "**Merchants Subordinated Claim**"). Notwithstanding anything to the contrary in the Crown Capital Plan, Merchants shall be entitled (1) on account of the Merchants Priority Claim to recover its Pro Rata share of the Distributable Value of the Creditor Recovery Trust on a *pari passu* basis with the Holders of Class 6 Crown Capital Unsecured Claims in an amount up to $20,000,000; and (2) on account of the Merchants Subordinated Claim to recover its Pro Rata share of the Distributable Value of the Creditor Recovery Trust in an amount up to $22,000,000 subject to payment in full in Cash of all Allowed Claims of Holders of Class 6 Crown Capital Unsecured Claims.

13.    The Merchants Subordinated Claim shall not be entitled to receive any recovery from the Creditor Recovery Trust until the Holders of Class 6 Crown Capital Unsecured Claims are paid in full in Cash.

14.    The Debtors and the Independent Fiduciary are authorized to take all actions necessary to effectuate and/or enforce the relief granted in this Order in accordance with the Motion and Supplement.

15.    Notice of the Motion and Supplement as provided therein shall be deemed good and sufficient notice of such Motion and Supplement and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.    The requirement set forth in Local Rule 9013-1(a)(3) that any Motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion and Supplement or otherwise waived.

17.    Any relief granted to the Debtors pursuant to this Order shall mean the Debtors, acting at the direction of the Independent Fiduciary.

(Page 9)
Debtors:            CROWN CAPITAL HOLDINGS LLC, *et al.*
Case No.            25-15351 (MBK)
Caption of Order:   ORDER (I) DISMISSING THE CHAPTER 11 CASES OF THE
                    MERCHANTS DEBTORS AND (II) GRANTING RELATED RELIEF

18.    Notwithstanding any applicability of any Bankruptcy Rules, the terms and

conditions of this Order shall be effective and enforceable immediately upon its entry and this

Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a) as of the Dismissal

Date.